IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD ALAN AIELLO, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 16-1728 |
| ) | |
| ) | Chief Judge Joy Flowers Conti/ |
| vs. ) | Chief Magistrate Judge Maureen P. Kelly |
| ) | |
| JOHN E. E. WETZEL, PA. Secretary of ) | |
| Corrections; CATHERHINE KANE, ) | |
| Attorney General, ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is recommended that the Petition for Redress of Grievance, ECF No. 1, treated as a Petition for Writ of Habeas Corpus by a Person in State Custody filed by Ronald Alan Aiello ("Petitioner" or "Aiello") be dismissed pre-service as second or successive and that a certificate of appealability be denied.

**II.  REPORT**

Petitioner, an inmate incarcerated in the State Correctional Institution at Fayette, Pennsylvania, ("SCI-Fayette") has filed what he entitled a "PETITION FOR REDRESS OF GRIEVANCE First Amendment of the United States Constitution Articel [sic] I, Section 20 of Pa. Constitution" (the "Petition"). ECF No. 4. By means of the Petition, Petitioner seeks to call into question his conviction for first degree murder obtained in Commonwealth v. Aiello, No. CP-02-CR-0007117-2000 (Ct. Common Pleas Allegheny County).[1] We note that Petitioner has

---

[1] The Court takes judicial notice of the docket of the Court of Common Pleas in Petitioner's

previously filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, attacking this very same first degree murder conviction, which this Court previously denied. Aiello v. Coleman, No. 2:11-cv-69 (W.D. Pa. 5/31/2012) (ECF No. 16). Because the instant Petition calls into question the validity of Petitioner's conviction, and therefore is, in fact, a petition for writ of habeas corpus, the Petition must be dismissed pre-service as second or successive.

### A. Pre-Service Dismissal

A court always has the inherent power to sua sponte raise its own subject matter jurisdiction. Palmer v. Barram, 184 F.3d 1373, 1377 (Fed. Cir. 1999)("The question of subject matter jurisdiction, therefore, is one that may be raised sua sponte by the court, as it was here, and our jurisdiction to address and decide it is inherent."). See also Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)("[i]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.") (citations omitted). Alternatively, the court always has inherent power to control its own dockets even apart from considerations of subject matter jurisdiction so as to enable the court to dismiss prior to service improper pleadings. See, e.g., Carroll v. Court of Common Pleas of Allegheny County, No. CIV. A. 07-1707, 2008 WL 426272, at *1 (W.D. Pa. Feb. 14, 2008) ("Pursuant to the court's inherent power to control its own dockets, the court recommends that this petition be dismissed pre-service")(footnote omitted)(citing Chambers v. NASCO, Inc., 501 U.S. 32, 46-47

---

criminal case available at:

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0007117-2000

(site last visited 1/3/2017).

(1991); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings")).

Given that the Court finds that the instant Petition is, in fact and in law, a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254, Rule 4 of the Rules Governing Section 2254 Cases provides another independent basis for the pre-service dismissal of this case. The power of the court to summarily dismiss a petition under Rule 4 of the Rules Governing Section 2254 Cases, includes the power of the court to dismiss the petition where it discloses that it is not in compliance with AEDPA's second or successive requirements. Mickens v. Chamberlain, No. 2:08-CV-950, 2008 WL 4298536 (W.D. Pa. Sept. 17, 2008); Scott v. Klem, NO. 4:CV-05-1337, 2005 WL 1653165 (M.D. Pa. July 12, 2005).

**B. The Petition is a Section 2254 Habeas Petition.**

Because the instant Petition seeks, in effect, to call into question the validity of Petitioner's state court conviction, the Petition is a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. It is bedrock law that the only way federal courts have subject matter jurisdiction to review state court convictions is by means of the Congressional grant of subject matter jurisdiction via Section 2254 and Section 2241. Ex parte Bollman, 8 U.S. (4 Cranch) 75 (1807)(state prisoners have no federal habeas corpus right unless Congress creates one); Ex parte Dorr, 44 U.S. (3 How.) 103, 105 (1845)(the Court ruled that "neither this nor any other court of the United States, or judge thereof, can issue a [writ of] habeas corpus to bring up a prisoner, who is in custody under a sentence of execution of a state court, for any other purpose than to be used as a witness."). See also Wells v. King, 340 F.

3

App'x 57, 58 (3d Cir. 2009) ("We are similarly unaware of any power that a federal court has to overturn a state criminal conviction obtained by fraud, outside of power authorized by statute; i.e. through a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.").

In the Petition, Petitioner enumerates eight "jurisdictional challenges" to the state court's ability to criminally try him, convict him and hold him in prison. Petitioner essentially alleges that the state courts cannot prove that they possessed subject matter jurisdiction over his criminal case. Petitioner insists that if the state courts fail to provide requested proof of their possession of subject matter jurisdiction over his criminal case within a time certain, that he is entitled to immediate release upon such failure. ECF No. 4 at 19 ("any non-response and/or failure to provide requested proof of Jurisdiction will constitute the facts as they operate in favor of the Undersigned and your admission that any judgment, order or decision by the court is void ab initio and that the Undersigned is entitled to immediate release.").

As explained by the United States Court of Appeals for the Third Circuit in defining the scope of habeas vis a vis Section 1983 actions, "whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

This Petition clearly is attacking the "validity of [his] continued conviction or the fact . . . of the sentence" which "must be brought by way of a habeas petition." Indeed, the Third Circuit in Leamer made clear that a habeas action is the proper jurisdictional vehicle in federal court where "a judgment in favor of the plaintiff would 'necessarily imply the invalidity of his conviction or sentence[.]'" Id. at 541. If Petitioner were to be successful herein in establishing

4

that the state courts lacked subject matter jurisdiction over his criminal court proceedings that lead to his conviction and current sentence, he would necessarily call into question the validity of his conviction and sentence. Hence, pursuant to Leamer, the Petition, no matter how denominated, is a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. See Wells, 340 F. App'x at 58 ("We are similarly unaware of any power that a federal court has to overturn a state criminal conviction obtained by fraud, outside of power authorized by statute; i.e. through a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.").

    **C. The Petition is Second or Successive and this Court Lacks Jurisdiction under § 2244(b)(3).**

Given that the instant Petition is a habeas petition, and because Petitioner previously filed a Petition for Writ of Habeas Corpus, which this Court dismissed on the merits, the present Petition is second or successive within the contemplation of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and we must dismiss it because District Courts lack subject matter jurisdiction over such second or successive habeas petitions.

AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive Section 2254 applications. Tyler v. Cain, 533 U.S. 656 (2001). In AEDPA, Congress enacted strictures on the filing of second or successive habeas petitions in response to the abuse of the habeas writ by prisoners. See Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) ("The purpose of the gatekeeping restrictions was to prevent abuse of the habeas writ."). Congress provided that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The allocation of these gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A), has essentially divested the District Courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002)("From the district court's perspective, it [i.e., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals."). The gatekeeping provisions of AEDPA provide that if the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed by the Court of Appeals in all cases. 28 U.S.C. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed by the Court of Appeals unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A). However, even if a habeas petitioner's second or successive petition falls within either of these categories, he may not simply come to the District Court and file his second or successive petition, rather he must seek leave of the Court of Appeals to do so. In other words, he must convince, in the first instance, the Court of Appeals that his second or successive petition comes within this narrow exception permitted by AEDPA and have the Court of Appeals grant him leave to file such second or successive petition. 28 U.S.C. § 2244(3)(A).[2]

AEDPA does not define the phrase "second or successive." Christy v. Horn, 115 F.3d

---

[2] Section 2244(3)(A) provides that "**[b]efore** a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added).

201, 208 (3d Cir. 1997)("While the AEDPA requires this procedure for second or successive application, it does not define what is meant by 'second' or 'successive.'"). It is true that a numerically second petition is not "second or successive" within the contemplation of AEDPA, if it attacks a different criminal judgment or if the earlier petition terminated without a judgment, as for example where the earlier petition was dismissed without prejudice for failure to exhaust state court remedies. See, e.g., Stewart v. Martinez-Villareal, 523 U.S. 637 (1998); Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997); Christy v. Horn, 115 F.3d at 208. See also Brian Means, Federal Habeas Manual § 11 (2016), available at Westlaw FEDHABMAN.

Under Section 2244(b)(3)(A), a second petition may not necessarily constitute a "second or successive petition" within the meaning of subsection (3)(A). The United States Supreme Court construed § 2244(b) in a manner that avoids an overly literal construction of the term "second or successive" petition, recognizing that some types of "second" petitions do not implicate the judicially developed abuse-of-the-writ principles that were the basis for AEDPA's statutory restrictions. See Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

In Stewart, the Supreme Court held that § 2244(b)(3)(A) authorization was not required because although petitioner's claim that he could not be executed due to the fact that he was incompetent to be executed, had been raised in his earlier petition, attacking the same conviction/sentence as previously, the earlier petition was dismissed without prejudice as premature. "This may have been the second time that respondent had asked the federal courts to provide relief on his Ford claim," the Court explained, "but this does not mean that there were two separate applications, the second of which was necessarily subject to § 2244(b)." Id. at 643. This claim was not a "second or successive" petition under AEDPA because Martinez-Villareal

7

"brought his claim in a timely fashion, and it has not been ripe for resolution until now." Id. at 645. The Court expressly stated that a later petition should not be considered successive when the earlier petition was dismissed without prejudice for failure to exhaust state remedies, and that AEDPA should not be construed so that the dismissal of an earlier petition "for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." Id. Essentially, where a first petition was brought and dismissed but not addressed on the merits, a second petition challenging the same conviction is not subject to the requirement that the petitioner apply to the Court of Appeals for permission to file the second petition.

In contrast, where a prior petition was addressed on the merits and the subsequent petition, attacking the same conviction/sentence, raises issues that could have been raised in the first petition or, otherwise constitutes an abuse of the writ, the subsequent petition is "second or successive" within the meaning of subsection (3)(A) and cannot be filed in the district court without authorization from the Court of Appeals. See, e.g., Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005)("for a subsequent petition to be considered 'second or successive,' bringing into play AEDPA's gatekeeping provisions, the disposition of an earlier petition must qualify as an adjudication on the merits."); Greene v. White, 223 F.3d 1001, 1002 n.1 (9th Cir. 2000)("The present petition is not a 'second or successive petition' because the earlier petition, filed in 1993, was not adjudicated on the merits.").

In the instant Petition, Petitioner is challenging the very same convictions which he challenged in Aiello v. Coleman, No. 2:11-cv-69 (W.D. Pa. 5/31/2012) (the "First Petition"). Because Petitioner is now challenging the very same convictions that he challenged in the First Petition, the instant Petition is second or successive given that the First Petition was decided on

the merits, as we explain below. Sewell v. Rozum, No. 2:13-CV-0714, 2013 WL 3973968, at *1 (W.D. Pa. July 31, 2013) ("The United States Supreme Court explained in *Magwood v. Patterson*, ––U.S. ––––, 130 S.Ct. 2788, 2798, 177 L.Ed.2d 592 (2010), that the 'second or successive' determination is made with respect to a petition as a whole, not as to claims within a petition. Therefore, because Petitioner is challenging the same conviction which he previously challenged, the magistrate judge correctly determined that the instant petition was, in fact, a successive or second petition."). In the First Petition, the Court dismissed Grounds Number 2, 3, 4, 6, 7 and 9 as meritless. Aiello v. Coleman, No. 2:11-cv-69 (ECF No. 15 at 16; 18 - 20). The Court dismissed Grounds 1 and 8 as being procedurally defaulted. Id. (ECF No. 15 at 14) ("Thus, Claim Nos. 1 and 8 are not exhausted and procedurally barred from review."). A disposition of a first petition, wherein the Court finds some grounds meritless and other grounds procedurally defaulted constitutes a disposition "on the merits" within the AEDPA jurisprudence on second or successive petitions. See United States v. Fake, 416 F. App'x 134, 136 (3d Cir. 2011) ("The claims in Fake's original § 2255 motion were denied as procedurally defaulted or meritless. The denial of a claim for habeas relief as procedurally defaulted constitutes a determination on the merits."). See also Carter v. United States, 150 F.3d 202, 205–06 (2d Cir. 1998) (since denial of first petition on grounds of procedural default "constitutes a disposition on the merits," that disposition "thus renders a subsequent [habeas or § 2255 petition] 'second or successive' for purposes of the AEDPA"); Upsher v. Goode, No. Civ.A. 04–1707, 2006 WL 2662724, at *4 (W.D. Pa. Sept.14, 2006) ("A dismissal of a habeas petition based upon procedural default constitutes a disposition on the merits and renders a subsequent petition ... 'second or successive' and subject to Section 2244(b)(3)(A)'s gatekeeping provisions.").

9

While it is Petitioner's burden to show that he sought and received permission from the Court of Appeals to file a second or successive Section 2254 habeas Petition in this Court,[3] and he has failed to carry that burden and this is sufficient to recommend dismissal of the instant Petition for lack of subject matter jurisdiction, the Court in addition, takes judicial notice the computerized dockets of the Court of Appeals, which fail to show that Petitioner has sought or received from that Court permission to file this second or successive Petition. Therefore, the habeas Petition must be dismissed because this court lacks subject matter jurisdiction over such second or successive petitions. Robinson, 313 F.3d at139 ("[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."); United States v. Enigwe, No. 92-00257, 1998 WL 670051, at *4 (E.D.Pa. Sept. 28, 1998)("AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction

---

[3] See Ocadio v. Ives, NO. CIV S-08-2331, 2009 WL 4157652, at *1 (E.D. Cal. Nov. 19, 2009) ("the petition is second or successive and petitioner has not demonstrated that the Ninth Circuit has granted him leave to file it in this court."); Manna v. Schultz, NO. CIV. A. 09-1185, 2009 WL 3415161, at *5 (D.N.J. Oct. 20, 2009) ("Petitioner has not alleged facts to bring this Petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions"); Roberts v. Chase, No. CV 1:09-089, 2009 WL 3055272, at *2 (S.D. Ga. Sept. 24, 2009) ("Petitioner has not stated that he has received permission from the Eleventh Circuit Court of Appeals to file a second or successive application for a writ of habeas corpus. Furthermore, this Court has received no authorization to address such an application from Petitioner. As a result, this Court lacks the authority to address Petitioner's application."); Owens v. Roy, NO. CIV. A. 4:08CV227, 2009 WL 2997074, at *1 (E.D. Tex. Sept. 14, 2009) ("Petitioner has failed to show that the Fifth Circuit granted him permission to file a successive petition.").

over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.")(quoting Pratt v. United States, 129 F.3d 54, 57 (2d Cir. 1997)), *aff'd*, 248 F.3d 1131 (3d Cir. 2000) (unpublished).

### D. Certificate of Appealability

A certificate of appealability should be denied as reasonable jurists would not find it debatable that the Petition constitutes a habeas petition and that it is second or successive within the meaning of AEDPA.

## III. CONCLUSION

For the reasons set forth herein, it is recommended that the Petition treated as a Petition for Writ of Habeas Corpus filed by Petitioner Ronald Alan Aiello be denied and, because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right

to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                      BY THE COURT:

                                      /s/ Maureen P. Kelly
                                      MAUREEN P. KELLY
                                      CHIEF UNITED STATES MAGISTRATE JUDGE

Dated:  January 13, 2017

cc:      The Honorable Joy Flowers Conti
         Chief United States District Judge

         RONALD A. AIELLO
         ET-4948
         SCI Fayette
         Box 9999
         Labelle, PA 15450